United States v. Bachmeier, so for appellate please proceed. Thank you, your honor. May it please the court, my name is David Hammerstad and I represent the appellate Steven Bachmeier. There are two issues presented in this appeal. First, whether there was sufficient evidence that Mr. Bachmeier addressed a threat to a natural person and second, whether the court erred in denying the defendant's requested jury instruction that would have required Mr. Bachmeier to have the specific intent to threaten Judge Moran in order to be convicted under 18 U.S.C. section 876C. I'll address that second question first. At trial, the defense requested an instruction that defined Mr. Bachmeier guilty. The jury had to find that he subjectively intended to threaten Judge Moran. This instruction was based on this court's precedent in the United States v. Twine in which the court ruled that 18 U.S.C. 875C and 876 logically require a showing of a subjective specific intent to threaten. The court in Twine arrived at this conclusion by contrasting 875C and 876 with 18 U.S.C. section 871 which criminalized knowingly and argument that the evidence does not show a subjective intent to threaten the judge? Well, certainly it was the defense argument at trial that Mr. Bachmeier's intent was to cancel his proceeding in the court that he was upset that he'd been denied the opportunity to file a peremptory judicial challenge and that he addressed his letter to the court to simply cancel that proceeding and it wasn't his specific intent to threaten the judge. But he included a threat. He included a threat. The language that you know very well and that we're all getting to just to save a little bit of time is it's undeniable, right? I've to do. There's no denying that that was what he wrote in the document. Right. You have tough facts and so it but is I think to get back to Judge Rawlinson's question is it really your position that this doesn't support a finding of an objective intent to threaten? Well, again, that was I think the issue here is that I think that the court by introducing this to the instruction which allowed Mr. Bachmeier to be convicted if he acted with knowledge that the document would be viewed as a threat denied the defense the benefit of their defense which was Mr. Bachmeier went overboard in the language that he used in this letter to the court, but what he was really trying to do is simply stop something that he had every right to stop without. Okay, but even if even if we get even if you'd had your requested instruction, I think what we're trying to get at is we have to figure out even if we agree with you that the instruction was erroneous you know whether it mattered whether it would have made a difference given this evidence. I don't think this is your strongest argument. Well, I mean for my part, I'm only one of three, but for me the argument that is tougher is the addressing the request and his knowledge that would reach her or reach a natural person. Well, I mean I think the two relate to one another in that you know Mr. Bachmeier's the letter is addressed to the court the judge is referred to in the third person and the context in which it's written is in order to withdraw this name change proceeding which he has every right to cancel without any more discretionary of the court. So, counsel your argument might have a little more weight if it were sent somewhere else randomly, but it was sent to the same courthouse where Judge Moran sits. So, I mean isn't it common knowledge that if you send it on a case to which the judge is assigned that that letter is going to be routed to the judge? I mean who did he want to read it other than the judge? Well, it obviously would have to be sent to that courthouse where the name change had to be sent there because the judge works out of that office and so why isn't that enough to fit within a specific intent that that Judge Moran would actually read the letter? Well, I think there was evidence in the record that proceedings like this were generated randomly unlike other proceedings. But he knew that she was assigned to his case, right? I mean that's the whole point of the letter. Did he know, is there evidence that he understood how these types of requests are processed, i.e. by a judge as opposed to processing the clerk's office? Was there any evidence about that? I think the record was ambiguous about whether I think that the government presented evidence, you know, that it was presented to the judge. But I don't think there was evidence that Mr. Bachmeier would naturally know or assume that it would take judicial action for him to simply withdraw something that he had begun. Let me ask you if, I mean, does this matter at the end of the day? Because in Rendleman, the, in that case, there was a specific threat made to the president but it was sent to the U.S. Marshal Service and the court held that that was enough to give a subjective intent that there was a threat to the president. Doesn't that sort of take this specific intent that the judge actually read it off the table? Well, I mean, I think it's a, it's a highly fact-specific inquiry. And I, I know that the 871, the, required a lower mental state if it's a threat against the president. It doesn't require that subjective intent. It requires the reasonable foreseeability. But I think this is why it's also why the instruction is important, is that by, by taking it out of a specific intent standard, the higher standard, which I think the court's precedent entwined establishes, then it, it leaves more room that, you know, if someone recklessly sent something that may have had a possibility of reaching the recipient, it opens the door for conviction where, in this case, there was an arguable basis for why Mr. Bachmeier, it was really irrelevant to him whether Judge Moran would have actually read it, that his, his intent in sending it was for a completely different reason. Well, counsel, but the problem, the difficulty with that argument is he actually used the word intent in his communication, that he intended to, to, to kill her. So it's hard to say that it's reckless or, or some other mens rea, when that's actually. And more to the point, he still intended to do it. He repeated the prior threats, but then reiterated those threats were still ongoing, and he still intended to do it. I think that's the problem here is that this, yeah, I don't, you seem pretty boxed in by the facts. Well, I think the relevant question is whether he intended that to communicate that to the judge. Well, do you seem to, let me, let me just push back on that a little. Is it your understanding, a reading of the law that the, that the, the victim threatened, the subject of the threat has to be the same natural person who receives a threat? Didn't we say otherwise in Havelock, there could be two different natural people? Well, in, in this case, the jury instructions specified that it had to be addressed to Judge Moran. And seems to me that makes the government's case harder, not easier. I'm not sure I'm following. It makes the defense case harder? No, I just try, let me, let me, I don't want to take up all of your time. I, I think it would make it tougher for the government, not easier. Because I believe our, our authority in, in Havelock is pretty clear. It doesn't have to be the same person. Right. And you're, you're making it, you're making the argument that the, that the jury instruction actually held the government to that higher burden of showing that, that the subject of the threat was Judge Moran and that the government was required to prove that the threat was actually directed to her as well. So in other words, the government proved more than it had to. If that's what the instruction is that counsel's identifying, because, because our precedent would not require the government to have done that. But if the instruction so provided, maybe I'll just double check for you. I don't want to take all your time. Do you know which instruction it is? That required that? Page 12 of excerpt of records two. So thank you. I've got it right here. Thanks very much, counsel. Did you have any other points you want to make counsel? You're running out of time. No, Your Honor, I just ask the court to reverse Mr. Bachmeier's conviction for insufficient evidence that his alleged threat was addressed to a natural person and for the court's denial of the defense requested jury instruction that requires a specific intent. What instruction was that you were referencing that you said required the jury to actually prove the threat was to the judge directly? What instruction number was that? Your Honor, if you'll give me one moment. Maybe you can tell us on rebuttal when you come back. We'll give you a minute for rebuttal and you can tell us what instruction you're referencing. Not ER2. No. It's not ER2. Thank you. Thank you. All right. Thank you, counsel. We're here from the government. Thank you, Your Honor. Good morning. Stephen Korsoff, United States. May it please the court. First of all, the instruction I think the court is looking for is instruction number nine. And by my record, that can be found at ER23. We're here today to ask the court to affirm Mr. Bachmeier's conviction. The evidence was sufficient to prove that he threatened a natural person, in this case, Judge Moran, and the district court accurately instructed the jury on the intent element in instruction nine. Does the government agree that under Havelock, there's no requirement that the threat be made to the same person? Like a threat could be made to a person, but made to someone else? Or does it have to go to the same individual to which the threat is directed? We agree with the court on that. The instruction here probably did require the government to prove than this court's precedent would require it. In our view, a defendant can address a threat on the face of the envelope to one person or one entity. He can use a salutation line in the communication to address it to a second person. And then in the content of the letter enclosed in the envelope, he can address the threat again to a third or fourth or fifth even. So it's a very... I'm sorry. So counsel, the fact that the jury was instructed to find that the communication was addressed to Judge Moran, really proves that, well, really eliminates the possibility of error, instructional error, vis-a-vis whether or not it had to be directed toward a natural person, doesn't it? It absolutely does. The instruction was spot on, at least, if not a little more difficult for the government. And it knocked out the natural person requirement in Havilah by instructing the jury that it had to find that the threat in the communication was addressed specifically to Judge Moran. So clearly, the instruction met and exceeded that element. And the proof in the case also met that element. What about the other instruction, though? Do you agree that the district court instruction could have been error in the sense that it didn't require a specific intent? It seemed to just require knowledge, not a specific intent. We disagree with that, Your Honor, respectfully. You have the instruction in front of you now, but it was a two-pronged instruction that the defendant, Mr. Bachmeier, intended to communicate a threat in the document, in this case, the pleading he filed with the court, or Mr. Bachmeier acted with knowledge that the pleading would be viewed as a threat. And in our view, these are two sides of the same coin. Any distance that the court perceives between an intent to communicate a threat or acting with knowledge that the document would be viewed as a threat is razor thin. Wait, wait, wait. We have case law acknowledging that there's daylight between the two. So your theory was which one, please? Well, we think the daylight is very small, and practically speaking... But it nevertheless exists, though. It can. You know, there are a lot of opinions on this topic, and there's Hornbook law, and there's the model penal code. And I think an advocate or a judge could find a decision or find precedent to back up pretty much anything that they want to say or write. Well, it's fairly easy to say specific intent, if that is what the mens rea is, rather than saying knowledge. In our view, knowledge in this instance, in this case, under these instructions, under these facts, the knowledge prong in the part two of the instruction is virtually identical to the intent to communicate a threat in the pleading. If we disagree with you and we think that this instruction was error, it sounds like your position is that even the correct standard, which I would propose, suggest maybe higher, was met in this case, because we have this unambiguous statement regarding his intent, right? I intend to kill. Absolutely. So he intended in the pleading he filed. But we're bound by it. We have we have authority that we are bound by by the United States Supreme Court. And so we have to we have to look at that pretty closely. And I think you'll find if you look at it, that there's a there's a delta here. But I think you do have a very strong argument about harmless error, to be sure. Could I ask you to address the other question about addressing it? I mean, I've got the language in front of me and have lock. The statute does not require that the addressee and the person to whom the threat concerns be one in the same. Right. But Avalok also requires it's an en banc ruling and it's binding, requires that the threat be addressed to a natural person. So the envelope says Kenai Courthouse, which doesn't do it, I don't think. But the but the but the Avalok also says we can look at the content. So could you could you walk us through and tell us how do we get to a natural person here? On the one hand, it refers to Judge Moran in the third person. You know, so he's not talking to her. And there's some other indications that he may have intended something else. But I'd like to hear the government's position on this point. Yes, your honor, our position on that, which we've laid out in our brief and we're prepared to submit again today is that he sat down in a jail cell and he hand wrote this letter and he put it in an envelope and he put the envelope in the mail. He styled the pleading in the matter of Stephen Bachmeier. He included the case number. And when he did this, he was perfectly aware that Judge Moran was the judge assigned to his case. And he had a history of judgment with Judge Moran, a history of prior cases. And he had learned along the way that he could communicate with the court, with specific judges by filing pleadings and writing letters to the court. So he absolutely knew that Judge Moran was the judge assigned to his case. Those are two different things. Was there any evidence in the record indicating that he knew that this would go to a judge as opposed to being routinely handled in the clerk's office? I don't know there's evidence that he understood the process that the clerk's office had when a letter or a pleading came in to the court. I don't think there's evidence that he specifically understood the exact steps that the clerk's office would take. But we certainly believe that there's evidence that he understood that he could communicate directly with Judge Moran by filing a pleading in his case that Judge Moran presided over. Because he'd done that previously, right? He'd filed pleadings previously and the judge had ruled on those pleadings. Is that correct? The judge had ruled on those pleadings and had sent copies of those orders and whatnot back to Mr. Bachmeier via the mail. And in the contents of the request or in his pleading he filed, he acknowledges that Judge Moran was presiding over his case because he specifically names her directly in the pleading he filed. It seems like you're continuing to argue that you've met this higher burden. I'm not even, well, I don't think you need to meet that burden. And I'm just wondering if there's room in this missive that he sent for to support a finding that it was addressed to a natural person, not Judge Moran. I think it's possible to argue that yes, that it was addressed to other people in the court. Like the clerk of the court. I don't see the government arguing that, but these are routinely handled in the clerk's office. It was stamped from the clerk's office. I don't know that he would have known that. I couldn't find anything in the record that indicated how these requests are routinely handled. But I'm not sure that gets very far. He demands relief from the court. And whether that's going to be a clerk or a judge, I'm not sure it matters. But you seem to be buying into the notion that the government has to make the higher showing. Well, I don't think we could ever go wrong by making a higher showing. I think we can go wrong, but we don't show enough. So I think, right. So did you ever argue what I'm postulating here about the clerk? The focus at trial and on appeal has been that the communication was directed to Judge Moran and we backed that up with all the proof and the arguments that we've made. In part because that was the jury, that was the instruction by the court, right? Correct. Did the government object to that jury instruction below and say, no, we don't need to prove that, that it was actually directed to Judge Moran? No, that's not a fight the government picked. And I think the government was confident in the proof that Mr. Bachmeier directed this threat to Judge Moran, an actual person, and felt we had the evidence to back that up. Counsel, who proposed that instruction? The third part there? The part about having to direct and address it to Judge Moran. Who proposed that instruction? I'm sorry, I'm off the top of my head. I don't recall who proposed it. I just, the parties. Obviously, it was an instruction favorable to the defense, so not something they would object to. And the government, as I said... I was just curious who proposed it, whether or not the judge put it there or one of the parties put it there. If I had to answer, I suspect that it came from the bench, from the district court, and the parties were amenable to it. All right, thank you, Counsel. Thank you, Your Honor. Let's have one minute for rebuttal. You're muted. I'm a Zoom words. So I think I'm understanding the court's point on the Havelock case, if I could just address that for a moment. In the Havelock case, the defendant in that case addressed his writings to several media outlets, and I think the analogy is that presumably people working at CNN or whoever these media outlets were, there are going to be natural persons working there who are going to open the mail, but just by virtue of reading it or receiving it, that does not make the threat addressed to them or addressed to a natural person. So in this case, the simple fact that it was reasonable for Mr. Bachmeier to anticipate there would be a clerk, a functionary who would open it and perhaps read it, that doesn't make it addressed to that person, and I think that was why this wasn't a contested issue at trial. Our Kaiser case indicates that it's sufficient to address something to a manager, that that's a natural person, so it's a pretty fine line there. Right, I mean, there's nothing in the writing that was addressed to any other person in particular. It was addressed to the court in the abstract is what our position is. Counselor, do you recall the origin of Instruction 9? I believe that counsel's recollection is correct. I believe that it was the bench that included it in a final draft and it was amenable to both parties. All right, thank you, counsel. You have any final thoughts for us? I did have one other response to a discussion with counsel. I think it is notable that in Mr. Bachmeier's writing that was the subject of this case, he does address the court in the third person, and it is a matter where he's not asking for any discretionary decision by the court, unlike the pro se pleadings that were referred to by the government in which he's writing to the court, say, for a motion to dismiss and speaking directly to the court. But a third person is still a person. True, but in terms of whether he intended this to be communicated to the judge, I think that that does. All right, thank you, counsel. We understand your argument. Thank you to both counsel for your helpful argument. The case just argued is submitted for decision by the court.
judges: Rawlinson, Christen, R. Nelson